ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **LUIS A. RIVERA SIACA**<br><br>*Recurrente*<br><br>v.<br><br>**JUNTA DE SUBASTAS DEL DEPARTAMENTO DE EDUCACIÓN DE PUERTO RICO**<br><br>Recurrido | KLRA202300568 | **REVISIÓN** procedente de la **Administración de Servicios Generales Junta Revisora de Subastas**<br><br>Caso Núm.:<br>**JR-23-142**<br><br>Subasta Núm.:<br>**(OC) 2023-004**<br><br>Sobre:<br>"Establecer contrato de arrendamiento para espacios de oficinas administrativas centrales del Departamento de Educación" |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Jueza Cintrón Cintrón, Jueza ponente.

### SENTENCIA

En San Juan, Puerto Rico a 27 de febrero de 2024.

Comparece ante nos el señor Luis A. Rivera Siaca (en adelante, señor Rivera Siaca o el recurrente) y solicita la revisión de la *Resolución* dictada el 10 de octubre de 2023, por la Junta Revisora de Subastas de la Administración de Servicios Generales del Gobierno de Puerto Rico (en adelante, la Junta Revisora). Mediante la misma, la Junta Revisora confirmó el *Aviso de Cancelación de Subasta Formal* de la Subasta Núm. (OC) 2023-004 emitido el 8 de agosto de 2023, por la Junta de Subastas Central del Departamento de Educación de Puerto Rico (Junta de Subastas) y, consiguientemente, desestimó el recurso de revisión instado por el señor Rivera Siaca.

Por los fundamentos que expondremos a continuación, desestimamos el recurso por falta de jurisdicción.

**I.**

Según surge del expediente, desde el 2021, el señor Rivera Siaca suscribió junto al Departamento de Educación dos (2) contratos de arrendamiento, a través de los cuales le alquiló dos (2) propiedades ubicadas en el área de Hato Rey, Puerto Rico. El primer contrato vencía el 31 de diciembre de 2025 y el segundo convenio vencía el 30 de junio de 2026. Debido a un alegado incumplimiento del Departamento de Educación con sus obligaciones contractuales bajo los aludidos contratos de arrendamiento, el señor Rivera Siaca realizó varias gestiones de cobro, tanto en el Tribunal de Primera Instancia (demanda de desahucio, caso núm. SJ2023CV02787)[1], como en la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico (cobro de renta administrativa en el caso número 17-03283-LTS).

No obstante, la controversia que genera el recurso de referencia se produjo a raíz de la publicación a una *Invitación a Subasta Formal* publicada el 8 de diciembre de 2022, por la Junta de Subastas. Lo anterior, para establecer un contrato de arrendamiento para espacio de oficinas administrativas centrales del Departamento de Educación.

El 24 de enero de 2023, el señor Rivera Siaca, con el propósito de resolver su situación con el Departamento de Educación sobre sus facilidades arrendadas, presentó una propuesta a la Junta de Subastas. Este fue el único licitador y lo hizo sin renunciar a sus derechos bajo los dos (2) contratos vigentes con la mencionad agencia.

Luego de varios meses de negociación, el 8 de agosto de 2023, la Junta de Subastas notificó al señor Rivera Siaca la cancelación de la subasta concernida, y, por ende, el rechazo de su

---

[1] *Luis A. Rivera Siaca, Enery Pilar Ortiz Jiménez y la Sociedad Legal de Bienes Gananciales Compuesta por Ambos v. Eliezer Ramos Parés en su Carácter de Secretario de Educación del Estado Libre Asociado de Puerto Rico; y el Estado Libre Asociado De Puerto Rico.*

propuesta. Ello, bajo el fundamento de que la propuesta no cumplía con las especificaciones de la subasta debido al costo por pie cuadrado.

Por estar en desacuerdo con la cancelación de la subasta, el 24 de agosto de 2023, el señor Rivera Siaca presentó un escrito de reconsideración ante la Junta Revisora. El 10 de octubre de 2023, la Junta Revisora emitió el pronunciamiento recurrido que confirmó el Aviso de Cancelación y desestimó el recurso instado por el señor Rivera Siaca.[2]

Aun inconforme, el señor Rivera Siaca acude ante nos mediante el presente recurso de revisión judicial. En este señala los siguientes errores:

> Erró la Junta Revisora al confirmar el aviso de cancelación de la Subasta y desestimar el recurso de revisión del Peticionario, al así hacerlo actuando de una manera arbitraria, caprichosa e irrazonable, sin fundamento alguno en los hechos y el derecho aplicable, amparándose en una alegada evidencia secreta sobre un informe de tasación de ODV Appraisal Group no sometido al Peticionario, ni por el Departamento de Educación, ni por la Junta de Subastas, en violación de su derecho a un debido proceso de ley.

> Erró la Junta Revisora al confirmar el aviso de cancelación y desestimar el recurso de Revisión del Peticionario a pesar de la Junta de Subastas haber violado el término de cumplimiento estricto para adjudicar la Subasta, cancelando la misma luego de quince (15) días de su apertura en contravención a la Sección 7.3.17(12) del Reglamento 9230.

El 12 de diciembre de 2023, el señor Rivera Siaca instó una *Moción Urgente en Auxilio de Jurisdicción del Tribunal*, con el propósito de que paralizáramos todo trámite relativo al Acto de Apertura de la subasta DEPR-OC-2024-001 (para un contrato de arrendamiento para las oficinas administrativas del Departamento de Educación), a celebrarse el 22 de enero de 2024. Alegó que dicha nueva subasta interfería con nuestra jurisdicción, toda vez

---

[2] De la Resolución dictada por la Junta Revisora surge que esta solo atendió los argumentos de la cancelación de la subasta levantados por el señor Rivera Siaca.

que, con esa acción, la Junta de Subastas ignoraba el recurso de revisión judicial de autos. El 13 de diciembre de 2023, emitimos *Resolución,* mediante la cual denegamos el petitorio urgente del señor Rivera Siaca.

El 15 de diciembre de 2023, el Departamento de Educación, representado por la Oficina del Procurador General de Puerto Rico, incoó *su Escrito en Cumplimiento de Resolución.*

Con el beneficio de ambas comparecencias, procedemos a resolver.

**II.**

**A.**

Como es sabido, los tribunales deben ser guardianes celosos de la jurisdicción, la cual se define como "el poder o autoridad con el que cuenta un tribunal para considerar y decidir los casos y controversias ante su consideración". *Metro Senior v. AFV,* 209 DPR 203 (2022); *Beltrán Cintrón et al. v. ELA et al.,* 204 DPR 89, 101 (2020). Las cuestiones de jurisdicción deben ser resueltas con preferencia, toda vez que la falta de esta no es susceptible de ser subsanada. El foro judicial carece de discreción para asumir jurisdicción donde no la hay, por lo que, si un tribunal se percata que no la tiene, debe así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Hernández Colón v. Policía de Puerto Rico,* 177 DPR 121, 135 (2009); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007).

**B.**

La Ley Núm. 73-2019, según enmendada, conocida como *Ley de la Administración de Servicios Generales para la Centralización de las Compras del Gobierno de Puerto Rico de 2019,* adoptó, como política pública del Gobierno de Puerto Rico, la centralización de los procesos de compras gubernamentales de bienes, obras y servicios, para lograr mayores ahorros fiscales y la

transparencia en la gestión gubernamental. Art. 2 de la Ley Núm. 73-2019, 3 LPRA sec. 9831a.

Cónsono con lo anterior, se delegó a la Administración de Servicios Generales (ASG) la responsabilidad de implantar dicha política pública y de coordinar y dirigir el proceso de adquisición de bienes y servicios, así como la contratación de servicios del Gobierno de Puerto Rico. *PVH Motor, LLC v. Junta de Subastas de la Administración de Servicios Generales*, 209 DPR 122 (2022). Además, la referida Ley dispone que el Administrador de la ASG establecerá mediante Reglamento los procesos que han de llevarse a cabo para cada método de licitación. Art. 32 de la Ley Núm. 73-2019, 3 LPRA sec. 9834h. Como parte de sus disposiciones, la Ley Núm. 73-2019, *supra,* estableció la Junta Revisora de Subastas adscrita a la ASG. Véase, 3 LPRA sec. 9837 y 3 LPRA sec. 9837d(a).

Asimismo, el Art. 63 de la Ley Núm. 73-2019 dispone que los procedimientos de adjudicación ante la Junta de Subastas de la ASG y los procedimientos de revisión ante la Junta Revisora de Subastas se regirán por los procedimientos establecidos en esta Ley, y por cualquier disposición de la Ley Núm. 38-2017, según enmendada, conocida como *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico.* 3 LPRA sec. 9838.

En lo que atañe a la cancelación de una subasta, el Art. 32 de la Ley Núm. 73-2019, 3 LPRA sec. 9834h, expresa que:

[…]

**La Administración y/o la Junta de Subastas tendrán la facultad de cancelar cualquier subasta, solicitud de propuestas y/o solicitud de cualificaciones o parte de estas, antes o después de su adjudicación, cuando así lo estime necesario para proteger los mejores intereses del Gobierno de Puerto Rico**.
**Una vez adjudicado** un asunto ante la consideración de la Administración Auxiliar de Adquisiciones o **ante la Junta de Subastas**, el organismo correspondiente procederá a notificar su

determinación final, según las normas y procedimientos que se establezcan en el Reglamento Uniforme de Compras y Subastas de la Administración de Servicios Generales del Gobierno de Puerto Rico. La notificación de adjudicación de subasta será notificada adecuadamente, mediante correo federal, certificado con acuse de recibo, a todas las partes que tengan derecho a impugnar tal determinación. La notificación de adjudicación estará debidamente fundamentada y deberá incluir los fundamentos que justifican la determinación, aunque sea de forma breve o sucinta, en aras de que los foros revisores puedan revisar tales fundamentos y así determinar si la decisión fue arbitraria, caprichosa o irrazonable. Como mínimo, la notificación debe incluir: (1) los nombres de los licitadores que participaron en la subasta y una síntesis de sus propuestas; (2) los factores o criterios que se tomaron en cuenta para adjudicar la subasta; (3) los defectos, si alguno, que tuvieran las propuestas de los licitadores perdidosos, y (4) la disponibilidad y el plazo para solicitar la reconsideración y revisión judicial.

La parte adversamente afectada por una actuación, determinación final o resolución de la Junta Revisora podrá presentar un recurso de revisión, conforme a lo establecido en las secs. 9738 a 9738e de este título.

[…]

(Énfasis nuestro).

Igualmente, el *Reglamento Uniforme de Compras y Subastas de Bienes, obras y Servicios no Profesionales de la Administración de Servicios Generales del Gobierno de Puerto Rico*, Reglamento Núm. 9230 de 18 de noviembre de 2020 (Reglamento Núm. 9230), instituye que la Junta de Subastas podrá cancelar un pliego de subasta antes del acto de subasta o después. Podrá cancelarla después de celebrarse el acto de apertura, siempre y cuando no se haya formalizado un contrato o se haya emitido una orden de compra, si se determina que dicha cancelación redunda en el mejor interés del Gobierno de Puerto Rico. Art. 7.3, sec. 7.3.7 del Reglamento Núm. 9230.

En particular, el Tribunal Supremo de Puerto Rico foro ha establecido que "una agencia tiene el derecho de revocar la adjudicación de la subasta antes de que se formalice el contrato correspondiente …". *Cordero Vélez v. Mun. De Guánica*, 170 DPR

237, 248 (2007), citando a *Justiniano v. E.L.A.*, 100 DPR 334, 340 (1971).

## III.

En esencia, el recurrente aduce que la Junta de Subastas erró y actuó de manera arbitraria al cancelar la subasta que entiende fue artificialmente creada por el Departamento de Educación para socavar sus contratos vigentes con esta agencia, contrario a la evidencia sustancial que se encuentra en el récord administrativo. Añade que la Junta Revisora también actuó de forma ilegal al declarar sin lugar la solicitud de revisión ante su consideración, confirmando la cancelación de la subasta. Por consiguiente, nos solicita que revoquemos la determinación de la Junta Revisora que confirmó el *Aviso de Cancelación de Subasta Formal* y luego de ello, ordenemos la adjudicación de la subasta a su favor.

Analizado ponderadamente el expediente, los argumentos de las partes y el derecho aplicable, colegimos que carecemos de jurisdicción para atender el recurso de referencia. Veamos.

Según expuesto, tanto bajo la Ley Núm. 73-2019, como el Reglamento Núm. 9230, la Junta de Subastas o la administradora de una agencia tienen la facultad de cancelar el pliego de una subasta antes o después del acto de apertura, con el propósito de resguardar los mejores intereses del Gobierno de Puerto Rico. En nuestro ordenamiento jurídico se reconoce dicha potestad precisamente para evitar la posibilidad de favoritismo, descuido, extravagancia y corrupción. *Cordero Vélez v. Mun. De Guánica*, supra, citando a *C. Const. Corp. v. Mun. de Bayamón*, 115 DPR 559, 563 (1984).

En la presente causa, una vez la Junta de Subastas del Departamento de Educación canceló la subasta bajo la discreción que ostenta, se puso fin al proceso de subasta iniciado, pero no

adjudicado. Por ende, no existe una decisión o determinación final revisable ante la Junta Revisora de Subastas. Así las cosas, este Foro tampoco tiene jurisdicción para atender el recurso presentado por el recurrente.

**IV.**

Por los fundamentos antes expuestos, se desestima el recuro de revisión judicial instado por el señor Rivera Siaca por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones